Filed 5/16/16  P. v. Paskus CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042780 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F21593) |
| v. | |
| NOAH ALLEN PASKUS, | |
| Defendant and Appellant. | |

Defendant Noah Allen Paskus appeals from a judgment based on his no contest plea to false imprisonment.  The conviction arose from an October 1, 2011 encounter between defendant and an employee of a pizza establishment in Santa Cruz.  While the victim was waiting for business to open so she could begin work, defendant grabbed her, pushed her against the glass door, and pressed an object, which she believed to be a gun, to her neck.  Defendant did not demand money; he only demanded to know who she was.  Another employee let the victim inside the workplace and asked defendant what he was doing.  Defendant said he was an off-duty police officer.

Defendant was subsequently detained by police.  When searched, he was found with a replica semi-automatic handgun.  Defendant told the officer that this was all just a mistake; he was an actor in the course of making a movie and "he was just kidding around."

Defendant was charged by information with false imprisonment by violence (Pen. Code § 236, count 1),[1] brandishing a replica gun (§ 417.4, a misdemeanor), and battery (§ 242, a misdemeanor). On December 1, 2011, having read a mental health report, the trial court found defendant mentally incompetent to stand trial. The court thereupon suspended proceedings under section 1370.01 and referred the matter to the Director of Mental Health for a recommendation regarding placement or treatment. Three weeks later, having received a placement report, the court ordered defendant to be transferred to a state hospital until defendant's competency was restored, but for no longer than four years.

On March 26, 2012 the Medical Director of the Atascadero State Hospital reported that defendant had become competent to stand trial, although he needed to remain on psychotropic medication. On April 18, 2012, the court reinstated the criminal proceedings. On May 14, 2012, defendant pleaded no contest to the felony charged in count 1, false imprisonment with violence, and sentencing was continued. Defendant was released to his father's custody in Massachusetts, where defendant would receive psychiatric treatment.

Over the next three years the court held periodic review hearings while defendant remained on supervised release. On August 19, 2015, defendant moved for reduction of his section 236 offense to a misdemeanor pursuant to section 17, subdivision (b). The trial court, noting that the crime had been effected by violence, rejected the premise that it was a wobbler and denied the motion. However, recognizing defendant's cooperation and progress during the period of his supervised release, the court sentenced defendant to 544 days in jail, which corresponded to the number of credits defendant received. The court also imposed a $30 court facility fee, a $40 court security fee, and a

---

[1] All further statutory references are to the Penal Code.

$300 restitution fine, all to be paid within six months.  According to the clerk's minutes, counts 2 and 3 were dismissed on the motion of the district attorney.  Defendant filed a timely notice of appeal.[2]  He has not, however, obtained a certificate of probable cause.

Appointed appellate counsel has filed an opening brief that states the case and the facts but raises no issues.  Defendant was notified of his right to submit written argument on his own behalf, but he has not availed himself of that opportunity.  Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, 123-124, we have carefully reviewed the entire record and have concluded that there are no arguable issues on appeal.

The judgment is affirmed.

---

[2] The record on appeal contains no abstract of judgment.

_____

ELIA, ACTING P.J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

MIHARA, J.